IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL SQUYRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:18-cv-1087-LY |
| | § | |
| | § | |
| CHARTER COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant. | | |

_____

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT**
_____

Defendant Charter Communications, Inc. ("Defendant" or "Charter") files this Answer and Defenses to Plaintiff's Original Complaint (Dkt. 1) and respectfully shows the following:

**DEFENDANT'S ANSWER**

The allegations in Plaintiff's Original Complaint are answered in numbered paragraphs below using Plaintiff's corresponding headings from his Original Complaint:

**I.
INTRODUCTION**

1. Defendant admits Plaintiff brings this lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and Chapter 21 of the Texas Labor Code, but Defendant denies either the facts or law permit Plaintiff to sustain any of his claims under those statutes or recover the categories of damages sought. Indeed, Plaintiff agreed to submit any claims surrounding his employment to mutual binding arbitration.

## II.
## DISCOVERY CONTROL PLAN

2. Paragraph 2 contains no factual allegations that Defendant must admit or deny.

## III.
## PARTIES AND SERVICE

3. Defendant lacks sufficient information or knowledge to admit or deny where Plaintiff currently resides as alleged in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits that it is a publicly held corporation doing business in Austin, Travis County, Texas and that it may be served in the manner alleged in Paragraph 4 of Plaintiff's Original Complaint.

## IV.
## JURISDICTION AND VENUE

5. Defendant admits this Court has subject matter jurisdiction over this lawsuit as alleged in Paragraph 5 of Plaintiff's Original Complaint, but Defendant denies this Court should maintain such jurisdiction in light of the parties' mutual agreement to binding arbitration.

6. Defendant admits that venue could be proper in this Court, but it is not since the parties' mutually agreed to submit any claims involving Plaintiff's employment to binding arbitration.

## V.
## EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND TIMELINESS

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant admits this Court would have jurisdiction over this lawsuit if the parties had not agreed mutually to submit any claims involving Plaintiff's employment to binding arbitration. Defendant answers the remaining subparagraphs of Paragraph 8 in Plaintiff's Original Complaint as follows:

    a. Defendant admits Plaintiff filed a charge of discrimination with the Texas Workforce Commission-Civil Rights Division ("TWC-CRD") and the Equal Employment Opportunity Commission ("EEOC").

    b. Defendant admits Plaintiff filed a charge of discrimination with the TWC-CRD and the EEOC and that Plaintiff's charge of discrimination was signed on September 6, 2018 and alleged discrimination based on sex and age. Defendant denies all alleged discriminatory actions described in Plaintiff's charge were timely or filed within 300 days as required.

    c. Defendant admits Plaintiff checked the "sex," "age," and "other" (typing in "TCHRA, ADEA") in his charge of discrimination, but Defendant denies the facts or law support any of Plaintiff's claims alleged. To the extent necessary, Defendant also denies Plaintiff's allegations as contained within his charge of discrimination.

    d. Defendant admits the EEOC issued a Notice of the Right to Sue dated September 25, 2018, but Defendant lacks sufficient information or knowledge to admit or deny when Plaintiff received the Notice of Right to Sue.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Original Complaint.

## VI.
## FACTS

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant admits it merged with Time Warner Cable in May 2016 as alleged in Paragraph 11 of Plaintiff's Original Complaint and that Plaintiff continued as an Account

Executive for Defendant after the merger. Defendant also admits Plaintiff served as a Political Lead – Texas in Defendant's Spectrum Reach Division in 2017.

12. Defendant admits Plaintiff was issued performance evaluations that reflected acceptable to exceptional performance between the years of 2010 and 2017. Defendant lacks sufficient information or knowledge as to any awards or trips Plaintiff may have received prior to the 2016 merger. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendant admits Christopher Rometty was a Manager of Sales in 2011, became a General Manager of Sales in 2012, and changed to Director of Ad Sales in January 2017 after the Defendant's merger with Time Warner Cable. Defendant further admits that Mr. Rometty was in Plaintiff's chain of command in 2011 as alleged. Defendant denies any remaining allegations in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant admits an allegation of sexual harassment was made against Plaintiff in June 2018, but Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant admits Plaintiff was separated from employment on July 12, 2018, but Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant admits Plaintiff was employed with Defendant from 1996 until his termination in 2018, but Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant admits Plaintiff filed a charge of discrimination with the TWC-CRD and EEOC that he signed on September 6, 2018. Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

## VII.
## CAUSES OF ACTION

### COUNT I – Discrimination on the Basis of Age in violation of the ADEA

24. Like Plaintiff, Defendant incorporates its answers to Paragraphs 1 through 23 of Plaintiff's Original Complaint by reference.

25. Defendant denies the factual allegations in Paragraph 25 of Plaintiff's Original Complaint.

26. Defendant admits the factual allegations in Paragraph 26 of Plaintiff's Original Complaint.

### COUNT II – Discrimination on the Basis of Sex in violation of Title VII of the Civil Rights Act of 1964

27. Like Plaintiff, Defendant incorporates its answers to Paragraphs 1 through 26 of Plaintiff's Original Complaint by reference.

28. Defendant admits Plaintiff was an employee within the meaning of Title VII and belongs to a class that can be protected under Title VII. Defendant, however, denies the remaining factual allegations in Paragraph 28 of Plaintiff's Original Complaint.

29. Defendant admits the allegations in Paragraph 29 of Plaintiff's Original Complaint.

30. Paragraph 30 of Plaintiff's Original Complaint contains no factual allegations for Defendant to admit or deny.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Original Complaint.

**COUNT III – Discrimination on the Basis of Age and Sex in violation of Chapter 21 of the Texas Labor Code**

32. Like Plaintiff, Defendant incorporates its answers to Paragraphs 1 through 31 of Plaintiff's Original Complaint by reference.

33. Defendant admits the allegations in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendant denies the factual allegations in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Original Complaint.

## VIII.
## DAMAGES

36. Defendant admits Plaintiff seeks the relief or damages described in Paragraph 36 of Plaintiff's Complaint, but Defendant denies it engaged in any unlawful conduct or that Plaintiff can obtain any such relief or recover any damages based on the facts and law.

37. Defendant admits Plaintiff seeks the relief described in Paragraph 37 of Plaintiff's Complaint, but Defendant denies it engaged in any unlawful conduct or that Plaintiff can obtain any such relief based on the facts and law.

38. Defendant admits Plaintiff seeks the damages described in Paragraph 38, including subsections a through m, of Plaintiff's Complaint, but Defendant denies it engaged in any unlawful conduct or any conduct that was malicious or indifferent to Plaintiff's statutory rights. Defendant also denies that Plaintiff can recover the damages described in Paragraph 38, including subsections a through m, based on the facts and law.

## IX.
## JURY DEMAND

39.     Defendant admits Plaintiff has demanded a trial by jury in Paragraph 39 of his Complaint, but Defendant maintains that Plaintiff waived his right to a jury trial through his agreement to binding arbitration and the terms of the parties' Mutual Arbitration Agreement.

## X.
## PRAYER FOR RELIEF

[Not Numbered] Defendant admits Plaintiff seeks the relief requested in the Prayer for Relief paragraph of Plaintiff's Original Complaint, including that described subparagraphs 1 through 7, but Defendant denies that either the facts or law will allow Plaintiff to maintain any cause of action or obtain the relief specified.  Defendant also denies that this Court can award Plaintiff any of the relief described in light of the parties' Mutual Arbitration Agreement.

40.     To the extent any allegations in Plaintiff's Original Complaint were not specifically admitted or denied above, Defendant hereby denies any such remaining allegations.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.     **Mutual Binding Arbitration** – Plaintiff cannot maintain this lawsuit due to his previous agreement to the terms of the parties' Mutual Arbitration Agreement.

2.     **Administrative Prerequisites/Conditions Precedent** – To the extent Plaintiff complains of acts or conduct other than those included in his underlying charge of discrimination, Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to timely exhaust the administrative prerequisites against Defendant and satisfy the required conditions precedent.

3.     **Limitations** – To the extent Plaintiff is attempting to seek relief under Title VII or the ADEA for any alleged discriminatory conduct occurring more than three hundred (300) days prior to the filing of his underlying charge of discrimination, such claims and the relief for such claims are barred.  To the extent Plaintiff is attempting to seek relief under Chapter 21 for any

alleged wrongful conduct occurring more than 180 days prior to the filing of his underlying charge of discrimination, such claims and the relief for such claims are barred.

4. **Good Faith Reliance** – To the extent Plaintiff's claims rest upon any action of Defendant taken in good faith reliance on the constructions, interpretations, and applications of Title VII, ADEA, or Chapter 21 of the Texas Labor Code by the appropriate administrative agencies, regulatory agencies, and courts empowered or authorized to make such constructions, interpretations, and applications, such claims are barred in whole or in part.

5. **Notice of Right to Sue Limitation** – To the extent Plaintiff is attempting to seek relief for any alleged discriminatory conduct for which a Notice of Right to Sue was issued by the EEOC more than ninety (90) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred.  To the extent Plaintiff is attempting to seek relief for any alleged discriminatory conduct for which a Notice of Right to Sue was issued by the Texas Workforce Commission more than sixty (60) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred, such claims and the relief for such claims are barred.

6. **Outside Scope of Employment** – To the extent any rights were violated, which Defendant adamantly denies, any such conduct and/or violations were the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate any unlawful discrimination, harassment, retaliation, or violations of any statutory rights; Defendant instead prohibits such conduct.  Defendant therefore is not responsible or liable for any such conduct through the principles of agency, *respondeat superior,* or otherwise.

7. **No Change in Employment Decision** – If a fact finder determines any unlawful reason was a motivating factor in any employment decision concerning Plaintiff, which Defendant

adamantly denies and maintains is not the applicable standard as to all of Plaintiff's claims, Defendant would nonetheless have made the same employment decision regardless of the alleged discriminatory or retaliatory animus.

8. **Policy Against Unlawful Discrimination, Harassment, or Retaliation** – Defendant had and has in place a strong, officially-promulgated and user-friendly policy against unlawful discrimination, harassment, or retaliation to prevent and promptly correct any such behavior. Defendant exercises reasonable care to prevent and promptly correct any such unlawful behavior, including by, but not limited to, maintaining such a policy, training its employees about its policy, and taking reasonable and appropriate action if violations of its policy are substantiated. Thus, to the extent Plaintiff was a victim any unlawful discrimination, harassment, or retaliation during his employment with Defendant, which Defendant denies, Plaintiff unreasonably failed to take advantage of the opportunities offered to him by Defendant to prevent and correct the alleged harm or otherwise to avoid the harm he allegedly suffered.

9. **Equitable Defenses** – Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel (including but not limited to judicial and equitable estoppel), *in pari delicto,* and any other applicable equitable defenses.

10. **Damage Limitations** – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such damages or losses are subject to any and all federal and/or state statutory, constitutional, or procedural limitations on damages, including but not limited to 42 U.S.C. § 1981a(b)(3), 29 U.S.C. § 626, Texas Labor Code § 21.2585, and Texas Civil Practice & Remedies Code Chapter 41.

11. **Offset** – Plaintiff's damages and losses, if any, must be reduced by all interim earnings and benefits, including, but not limited, to any unemployment compensation received.

12. **Failure to Mitigate** – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, Plaintiff is barred from recovering such if he has failed to exercise reasonable care and diligence to mitigate his damages or losses.

13. **Comparative Negligence** – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such were as a result of Plaintiff's own conduct and/or omissions.

14. **No Proximate Cause** – The claims advanced by Plaintiff are barred, in whole or in part, by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's injuries or damages, if any.  Plaintiff's damages and losses, if any were the result of Plaintiff's own conduct or omissions.

15. **After-Acquired Evidence** – The relief sought by Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine.

16. **Limited Statutory Remedies** – Title VII, ADEA, and Chapter 21 are all remedial statutory schemes in which Congress and the Texas Legislature have specified the avenues and relief, if any, available to a prevailing plaintiff.  To the extent Plaintiff pursues claims or seeks remedies beyond the scope of these specified statutory schemes, such claims and remedies are improper and barred as a matter of law.

17. **No Compensatory or Punitive Damages are Recoverable under the ADEA** – Plaintiff cannot recover any compensatory or punitive damages (as referenced in Plaintiff's Original Complaint), to include, but not limited to, any damages for loss of enjoyment of life, mental anguish, injury to professional standing, injury to character or reputation, or loss of earning capacity, for any claimed violation of the ADEA.

18. **Legitimate Reasons & Good Faith Belief** – Defendant did not engage in any intentional unlawful discrimination, harassment, or retaliation.  Defendant's actions, if any, were

job-related, consistent with and justified by a business necessity, and based upon legitimate, non-discriminatory, non-retaliatory reasons. Plaintiff thus cannot demonstrate that Defendant's proffered reasons were pretextual. Defendant's actions, if any, also were undertaken in good faith, based on good cause, and with a reasonable belief that such actions were not in violation of any applicable law. Indeed, no decisions were intentionally made or imposed to contravene the prohibitions of any applicable state or federal law. In this regard, Plaintiff cannot recover any compensatory or liquidated damages, be it under Title VII, the ADEA, or Chapter 21.

19. **Actions Without Malice or Reckless Disregard** – There is no basis, in law or fact, to support Plaintiff's claims for recovery of punitive and/or exemplary damages. Defendant did not engage in unlawful intentional conduct, nor did Defendant willfully engage in any unlawful intentional conduct with malice or reckless indifference to the statutory rights, if any, of Plaintiff. Defendant did not act willfully, intentionally, or recklessly disregard or deprive Plaintiff of any rights to which she may have been entitled. Defendant's actions towards Plaintiff, if any, have been undertaken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

20. **Due Process Violation** – Plaintiff's claim for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Texas Constitution.

21. **Right to Amend** - Defendant reserves the right to amend its pleadings to assert any additional defenses that may become apparent during the course of this lawsuit.

### RECOVERY OF ATTORNEY'S FEES, COSTS, AND EXPENSES

As a result of Plaintiff's frivolous and groundless lawsuit, Defendant was required to retain legal counsel to represent it. If Defendant ultimately prevails, it may be entitled to recover from Plaintiff any reasonable attorney's fees, costs, or expenses incurred in its defense. Thus, to the

extent permitted by applicable law, Defendant seeks to recover any such reasonable attorney's fees, costs, and expenses it has incurred and will incur in the defense of this lawsuit.

## DEFENDANT'S PRAYER

Defendant respectfully prays the Court enter a judgment:

1. Dismissing Plaintiff's Original Complaint and denying Plaintiff all relief requested therein;

2. Awarding Defendant, if permitted by applicable law, the attorney's fees, costs, and/or expenses it incurred in defending this action; and

3. Awarding Defendant all other relief to which it is entitled.

Respectfully submitted,

*/s/ Christine E. Reinhard*
Christine E. Reinhard
State Bar No. 24013389
Delilah Lorenz Evans
State Bar No. 24036991
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone:  (210) 447-8033
Fax:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
devans@sr-llp.com

**ATTORNEYS FOR DEFENDANT
CHARTER COMMUNICATIONS, INC.**

## CERTIFICATE OF SERVICE

On January 7, 2018, a true and correct copy of this document was filed electronically, with notice of the filing served on all counsel of record by operation of the Court's electronic filing system.  All parties may access this filing through the Court's electronic filing system.

*/s/ Christine E. Reinhard*
Christine E. Reinhard